# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DeSHAWN E. HALL, | : | |
| Petitioner, | : | |
| | | Case No. 3:07CV00465 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| KAY NORTHRUP, WARDEN, | : | Magistrate Judge Sharon L. Ovington |
| CORRECTIONS MEDICAL | | |
| CENTER, | : | |
| Respondent. | : | |

# REPORT and RECOMMENDATIONS[1]

This matter is before the Court on Petitioner's *pro se* petition for writ of habeas corpus (Doc. #1); Respondent's answer/return of writ (Doc. #7); and the record as a whole.

**FACTUAL AND PROCEDURAL BACKGROUND/THE PARTIES' CLAIMS**

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

1

On January 14, 2005, the Grand Jury of the Montgomery County, Ohio, Court of Common Pleas indicted Petitioner Hall on one count of possession of crack cocaine, one count of possession of cocaine, and one count of possession of criminal tools. (Doc. #7, Exh. 1). A previous felony charge of theft by deception, which had been stayed in 2003 pending the outcome of a diversion program that Petitioner apparently failed to complete, also was renewed against him. (*See* Doc. #7, p. 2, quoting *State v. Hall*, 2006 Ohio 6116, 2006 WL 3350698, at *1 (Ohio Ct. App. 2006) (Exh. 10, ¶¶3-9); *see also* Exh. 9, Appendix, Transcript of Proceedings, pp. 3-4, 5-6).

On September 7, 2005, the date that the matter had been set for trial, Hall entered a written plea of no contest to one count of possession of 68.55 grams of crack cocaine. (Doc. #7, Exh. 2). He also pled guilty to the prior theft offense, with that sentence to run concurrently. (*See* Doc. #7, Exh. 9, Appendix, Transcript of Proceedings, pp. 5, 8). In exchange for his plea to the crack cocaine charge, the counts for possession of powder cocaine and of criminal tools were dismissed. (Doc. #7, Exh. 2, p. 2).

Pertinent portions of the plea colloquy on September 6, 2005, during which Hall was represented by counsel, include the following exchanges:

> THE COURT: Do you intend to make your decisions today and enter your pleas of your own free will?

THE DEFENDANT: Yes, sir.

* * *

[THE PROSECUTOR]: As to 2005-CR-0098, the State of Ohio would prove beyond a reasonable doubt that on or about January 6th, 2005, in Montgomery County, Ohio, the defendant, DeShawn Eugene Hall, . . . did knowingly obtain, possess or use a controlled substance, to-wit, crack cocaine, or a compound[,] mixture, preparation or substance containing crack cocaine, in an amount which equaled or exceeded 25 grams but was less than 100 grams, all this in violation of Section 2925.11(A) of the Ohio Revised Code, a felony of the first degree.

THE COURT: Do you understand the nature of that charge? That's a felony of the first degree, possession of crack cocaine.

THE DEFENDANT: Yes, sir.

* * *

THE COURT: Do you understand those other charges [possession of cocaine powder and of criminal tools] are going to be dismissed in exchange for your plea?

THE DEFENDANT: Yes, sir.

THE COURT: The possession of cocaine is a mandatory sentence. The mandatory minimum is three years. The State is going to recommend three years, and I'm going to follow that, provided two things happen. One is that you show up when you're supposed to for sentencing, and two is that you not get in trouble between now and then. Do you understand that?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: A plea of guilty is a complete admission of guilt.  Do you understand that?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: You have rights that you give up by entering a plea. [enumerating rights to a jury, to proof of guilt beyond a reasonable doubt, to confront witnesses, to subpoena witnesses, to remain silent] . . .  Do you understand each of those rights?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed this case with [your attorney] as to what might happen if you go to trial or what the sentencing possibilities are or what the defenses might be?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his advice and representation?

THE DEFENDANT: Yes, sir.

THE COURT: Any questions that you have of the Court or of [your attorney] before I ask you for your plea?

THE DEFENDANT: No, sir.

THE COURT: How then do you plead . . . to possession of crack cocaine between 25 and 100 grams? That's a felony of the first degree. How do you plead to that?

THE DEFENDANT: Guilty.

THE COURT: And how do you plead to theft over $500, a felony of the fifth degree?

THE DEFENDANT: Guilty.

* * *

THE COURT: * * *

The Court finds the defendant has entered his pleas voluntarily, that he knowingly, intelligently and voluntarily waived his constitutional rights. The Court finds he understands the nature of the charges, the penalties involved, that he is . . . not eligible for community control sanctions on [the crack cocaine possession charge]. He is eligible for community control on the theft case, although the Court has already indicated that that time would run concurrently, and he would be sentenced to nine months in prison, which means a total of three years by the time you figure out everything running together.

* * *

THE COURT: The Court is going to make a finding of guilt. I'll order a pre-sentence investigation. The report will be due October the 18th, 2005. And the condition that you have agreed to is that you not get in trouble between now and then, that you show up when you're supposed to, and then that will be your sentence. If not, then the Court could sentence you [to] anywhere from three to ten. Do you understand that?

THE DEFENDANT: Yes, sir.

(Doc. #7, Exh. 9, Appendix, Transcript of Proceedings, pp. 3-10).

Thereafter, according to the decision of the Ohio Court of Appeals for the Second Appellate District on Hall's direct appeal,

> Hall failed to appear for sentencing. Shortly afterward, Hall wrote a letter to the court, apologizing for his failure to appear and asking for "an extension to get my life somewhat together and prepare my family for my departure." He wrote: "With that I can get myself together to pay my debt to society and do my time and get released and become a productive member of society."
>
> On November 9, 2005, Hall, with new counsel, filed a motion to withdraw his pleas. He asserted that he was innocent of the charges, that his pleas were not voluntary, and that he wished to go to trial. The court held a hearing on the motion on January 11, 2006. Hall was the only witness. He testified that he had not been aware of the drugs at the apartment, that a handwritten diagram of a "Big Plan" for drug distribution that was found at the apartment was a fantasy drawn up by one of his co-defendants, and that his trial attorney had ignored his protestations of innocence. Hall's testimony did not address the theft by deception charge.

*Hall*, 2006 WL 3350698, at *1 [Doc. #7, Exh. 10].

Following the evidentiary hearing, the same trial judge who accepted Hall's plea denied the motion to vacate by order dated January 18, 2006. (Doc.

#7, Exh. 6). On January 26, 2006, the trial court sentenced Hall to three years mandatory incarceration. (Doc. #7, Exh. 7).

Hall appealed to the Ohio Court of Appeals for the Second Appellate District, raising a single assignment of error:

> THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S PETITION TO VACATE THE GUILTY PLEAS

(Doc. #7, Exh. 8, pp. I, 4). On November 17, 2006, the state appellate court overruled Hall's assignment of error and affirmed the decision of the trial court. *Hall*, 2006 WL 3350698 [Doc. #7, Exh. 10].

Hall sought to appeal that decision to the Ohio Supreme Court, again raising a single issue:

> A TRIAL COURT COMMITS AN ABUSE OF DISCRETION BY DENYING APPELLANT'S PETITION TO VACATE GUILTY PLEAS WHEN THAT MOTION IS MADE PRIOR TO SENTENCING BUT THE COURT APPLIES A POST-SENTENCING STANDARD.

(Doc. #7, Exh. 11, p. 4). Finding that Hall's appeal did "not involv[e] any substantial constitutional question" (Doc. #7, Exh. 13), the Ohio Supreme Court declined to accept that appeal. *State v. Hall*, 113 Ohio St. 3d 1443 (2007). (Doc. #7, Exh. 10).

On December 10, 2007, Hall filed his *pro se* petition for writ of habeas corpus in this Court, asserting as his only one ground that "[t]he trial court abused its discretion by failing to grant a Motion for a New Trial." (Doc. #1, p. 6). In support of that ground, Petitioner urges that he "pled 'No Contest' after informing his attorney that he was not guilty and he petitioned the court prior to being sentenced." (*Id.*).

In opposing the petition, Respondent urges that Petitioner's sole claim here does not implicate any federal rights or laws, and therefore is not cognizable via a federal habeas corpus action. (Doc. #7, pp. 5-9). Additionally, Respondent asserts that Petitioner's claim also fails on its merits because the trial court's refusal to allow Hall to withdraw his plea did not result in "manifest injustice." (*Id.*, pp. 9-15).

**APPLICABLE LAW**

### The Antiterrorism and Effective Death Penalty Act ["AEDPA"][2]

A federal court may consider a state prisoner's petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the AEDPA, a writ of habeas corpus may not issue with respect to any claim adjudicated on

---

[2] Codified in large part in 28 U.S.C. §2254. *See* Pub.L. No. 104-132, 110 Stat. 1214.

the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted); *see Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006) (quoting in part *Bell*, 535 U.S. at 694), *cert. denied*, 549 U.S. 1255 (2007).

"A decision is an 'unreasonable application' of clearly established Supreme Court law if a 'state court correctly identifies the governing legal principle from [Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case.'" *Gray v. Moore*, 520 F.3d 616, 621 (6th Cir.) (quoting in part

9

*Williams v. Taylor*, 529 U.S. 362, 413 (2000)), *cert. denied*, ___ U.S. ___, 129 S. Ct. 216 (2008). "An unreasonable application of federal law is one that is 'objectively unreasonable' and not merely incorrect." *Sinkfield v. Brigano*, 487 F.3d 1013, 1016 (6th Cir.) (citations omitted), *cert. denied*, ___ U.S. ___, 128 S. Ct. 401 (2007).

For purposes of habeas review, a state court's determinations of factual issues are presumed correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). That deference extends to the state court's credibility assessments, *see Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000), *cert. denied*, 532 U.S. 981 (2001), and to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). "Indeed, the presumption applies with particular force to credibility determinations, as the Supreme Court has ruled that such determinations receive 'special deference' from the federal courts." *Id.* (citing *Patton v. Yount*, 467 U.S. 1025, 1038 (1984)). The same presumption also applies to state appellate courts' findings of fact made on review of the state trial record. *Sumner v. Mata*, 449 U.S. 539 (1981); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003).

**ANALYSIS**

The sole argument that Petitioner advances here as a ground for federal habeas relief is his assertion that the trial court abused its discretion by refusing to allow Hall to withdraw his guilty plea. (Doc. #1). Under the applicable law of Ohio, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." Ohio Crim. R. 32.1. The record confirms Hall's assertion that he did move to withdraw his plea before the trial court formally imposed sentence.

Federal habeas relief is not available, however, "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). With respect to an alleged error in the form of refusal to vacate an Ohio criminal defendant's plea, a federal court "is precluded from reviewing any claim that the trial court abused its discretion under Ohio law in denying petitioner's Rule 32.1 motion to withdraw his guilty plea," because such a claim does not challenge the petitioner's confinement as a violation of the Constitution or other federal law. *Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007) (Weber, J.) (citations omitted).

Because Petitioner's claim as stated does not invoke the United States Constitution or any other federal law as its basis, the Court concurs in Respondent's position that such claim on its face is not cognizable under 28 U.S.C. § 2254.  The inquiry, however, does not end there.  Although a defendant has no "absolute right" to withdraw his guilty plea prior to sentencing, by showing that he "was denied fundamental fairness," a habeas petitioner nonetheless may demonstrate his entitlement to relief based on the trial court's discretionary decision to deny his pre-sentence motion to withdraw his guilty plea.  *Akemon*, 2007 WL 2891012, at *12; *see also Pulley*, 465 U.S. at 41 (acknowledging the possibility that an error of state law "could be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment").

Like the courts in both *Akemon* and *Pulley*, Petitioner here has not cleared that requisite hurdle.  "The inquiry as to whether the trial court's challenged decision implicates constitutional concerns turns on whether the plea, which the petitioner sought to withdraw, was entered knowingly and voluntarily or, in other words, 'represents a voluntary and intelligent choice among the alternative courses of action open to [him]'."  *Akemon*, 2007 WL 2891012, at *12 (citing, *inter*

*alia*, *North Caroline v. Alford*, 400 U.S. 25, 31 (1970)). As to "fundamental fairness,"

the Sixth Circuit has relied on the following statement from the Supreme Court:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats . . ., misrepresentation . . ., or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.*, bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970) (as cited in *Carwile v. Smith*, 874

F.2d 382, 385 (6th Cir.), *cert. denied*, 493 U.S. 943 (1989)).

In denying Hall's motion to vacate plea, the same trial judge who originally had accepted that plea made the following findings:

> The video transcript of the plea reveals that [Hall] was fully advised of his rights . . . The Court inquired of [Hall] whether he had consulted with his attorney as to the charges, defenses and potential results. [Hall] stated that he was satisfied with his attorney's advice and representation. Prior to verbalizing his plea, the Court asked [Hall] whether he had any questions of the Court or counsel. He said he did not. At the conclusion of his plea, the Court found that [Hall] entered his plea knowingly, intelligently and voluntarily.
>
> The Court determines that [Hall's] testimony at the Motion hearing is not credible. More than a month after the plea [Hall] wrote a letter to the Court asking for an extension. No[ ]where in that letter does he report that he thought he was innocent or that he was misled to accept a plea deal. With respect to the "Big Plan" on the wall, his explanations don't make sense. At the time of

13

> the plea he represented to the Court that he was aware
> of what he was doing and that he was satisfied with his
> attorney's advice. Either he was lying to the Court then,
> or he is lying to the Court now, or both.

(Doc. #7, Exh. 6, p. 3). The Court later continued:

> It is apparent to the Court that the Defendant clearly
> understood the nature of the charges, his rights, and the
> plea agreement. He entered his plea knowingly and
> voluntarily. The Defendant was facing mandatory
> imprisonment for possession of a sizeable amount of
> Crack Cocaine. In the absence of a plea agreement, even
> though the Defendant had not previously served prison
> time, the circumstances of his charges and the volume of
> the crack cocaine could have easily resulted in a
> sentence longer than the minimum three year
> incarceration. The trial date was upon him.
> Furthermore, the Court provided the Defendant with
> [an] opportunity to indicate disagreement or to ask
> questions. There is no indication from the evidence that
> the Defendant was represented by anything other than
> competent defense counsel. In essence, the Court
> concludes that, more than six weeks after his plea, the
> Defendant simply had a change of heart even though he
> acknowledged he had to pay his "debt to society."

(*Id.*, pp. 4-5).

Petitioner has offered no challenge to the trial court's foregoing credibility determinations and other findings of fact, and certainly has not shown "by clear and convincing evidence" that they are incorrect. *See* 28 U.S.C. § 2254(e)(1). Accordingly, this Court is constrained to accept the credibility findings detailed above as made by the judge who actually observed Hall's demeanor at the time

14

of both appearances. *See Seymour*, 224 F.3d at 553; *McQueen*, 99 F.3d at 1310; *Sumner*, 449 U.S. 539; *Mason*, 320 F.3d at 614. Moreover, this Court's own review confirms that the trial court's factual findings are substantiated by the record. Having presented no credible evidence suggesting that his plea was not knowing and voluntary, Petitioner has failed to state a claim with constitutional implications invoking federal issues that would warrant federal court intervention. As such, Petitioner has no basis for maintaining an action for habeas corpus relief in this Court.

Finally, even were this Court to assume that Hall's *pro se* petition articulates a claim sufficient to invoke constitutional concerns cognizable through a federal habeas corpus action, the Court agrees with Respondent's assertion that Petitioner could not prevail on the merits of any such claim, for the very reasons stated above. Again, Hall was represented by counsel at the time of his plea. Hall assured the trial court that he was satisfied with his attorney's advice and representation leading to the plea. (*See* Doc. #7, Exh. 9, Appendix, Transcript of Proceedings, p. 8). In exchange for his plea to the crack cocaine charge, Petitioner received dismissal of two additional charges against him and a concurrent sentence on the theft charge, as well as the trial court's commitment to sentence him to the mandatory minimum of three years for the crack cocaine count (*id.*, p.

5), despite Petitioner's potential exposure to a much longer sentence. (*See id.*, p. 10 [noting that absent the plea agreement, "the Court could sentence you [to] anywhere from three to ten" years], *see also, e.g,*, Doc. #7, Exh. 6, p. 5 [noting that "the circumstances of his charges and the volume of the crack cocaine could have easily resulted in a sentence longer than the minimum three year incarceration"]). Under such circumstances, this Court can discern no way in which Petitioner could be said to have been "denied fundamental fairness" simply because the trial court refused to permit him to withdraw his guilty plea after he failed to appear for sentencing as scheduled. *See Brady*, 397 U.S. at 755; *Carwile*, 874 F.2d at 385; *Akemon*, 2007 WL 2891012, at *12. Accordingly, even if Petitioner were able to state a cognizable claim, he could not establish that he was entitled to habeas relief.

IT THEREFORE IS **RECOMMENDED** that:

> 1) Hall's petition under 28 U.S.C. § 2254 for writ of habeas corpus (Doc. #1) be DENIED and DISMISSED with prejudice;
>
> 2) a certificate of appealability NOT issue, because Petitioner has failed to make a substantial showing of the denial of a constitutional right resulting from the sole issue raised in the petition , *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1);

3) should Petitioner apply to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendations would not be "taken in good faith," and therefore should deny Petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3)(A); *Kincade v. Sparkman*, 17 F.3d 949, 952 (6th Cir. 1997);

4) This case be terminated on the docket of this Court.


September 15, 2009
　　　　　　　　　　　　s/ Sharon L. Ovington
　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten [10] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen [13] days (excluding intervening Saturdays, Sundays and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten [10] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Am,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981).